38641, 38642.   FULTON COUNTY v. CITIZENS & SOUTHERN NATIONAL BANK, Executor; and *vice versa.*

DECIDED APRIL 5, 1961—REHEARING DENIED APRIL 14, 1961.

510

*Harold Sheats, Paul Anderson, Martin Peabody,* for plaintiff in error.

*Robert W. Spears, Albert G. Callaway,* contra.

FRANKUM, Judge. The attorneys for the plaintiff in error state in their brief the following: "Now, as a prologue to our argument, we wish to approach the court in a spirit of honesty and frankness. The recent decisions, both of this court and of the Supreme Court, dealing with these questions, are against the position which we now take. In the case of *Woodside v. City of Atlanta,* 214 Ga. p. 75 (3), the court said: 'For the reason stated in the corresponding division of the opinion, tender to the condemnees of the assessors' award of compensation for the property sought to be condemned, or payment of it into the registry of the court on their refusal to accept it, was a condition precedent to the condemnor's right to file and prosecute an appeal to a jury in the Superior Court of Fulton County.' The above ruling of the Supreme Court was followed by this court in the three cases reported in 99 Ga. App. 24, and the case of *State Highway Department v. Wilson,* 98 Ga. App. 619, et seq.; and, in this latter case, the Supreme Court denied our application for certiorari. Thus, we are compelled to face up to the fact that, in order for this court to sustain our position and reverse the court below in the instant case, it will be necessary for this court not to only reverse its position in the above cited cases, but that it would also be necessary for this court to undertake to reverse the above quoted ruling of the Supreme Court in the *Woodside* case. We are neither stupid nor so naive as to be able to delude ourselves into the belief that we have any chance whatsoever of getting this court to deliver such an opinion. However, as to this case, this court is the 'door' through which we must enter if we are to get this question again before the Supreme Court."

The instant case is controlled by the decision in *Woodside v. City of Atlanta,* 214 Ga. 75 (103 S. E. 2d 108).

Because the judgment complained of in the main bill of exceptions disposes of the case in the trial court, the cross-bill will not be considered and is dismissed. *Code Ann.* § 6-901; *Statham v. Saxon,* 210 Ga. 369 (80 S. E. 2d 182).

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*